Curia, per
Johnson, J.
On looking into the question which arises out of this case, 1 am unable to perceive any doubt or difficulty. The Act of 1789, P. L. 494, prescribing the older in which debts are to be paid, is merely directory to the executor, and intended for his security and protection in the event of the insolvency of the estate. He may, if he thinks proper, first pay debts of an inferior grade, as simple contract debts, in preference to judgments, bonds or mortgages, which, according to the Act, are entitled to precedence ; and the only consequence is that, in the event of a deficiency of assets, he is liable, personally, to the extent of the assets, for the preferred debts. If he neglect to plead plene administravit, he is liable, although, in point of fact, he may have fully administered the estate — it is an admission of assets ; for, without having ascertained that fact, the court cannot know that there are not assets enough to pay all the debts.
Let us test the rule in reference to the facts of this case. The plaintiff has obtained judgment against the defendants for a bond debt of their testator, and the amount has been levied on his estate and is in court. But the State Bank comes in, and alleges that they are also a bond creditor, and entitled to be paid pari passu with the plaintiff. Now there is no proceeding by which the plaintiff can put in issue, at law, the factum of the bond to the Bank, or the quantum of assets. The executors alone are capable of making up their issues with the Bank. It follows, then, that the plaintiff is entitled to be paid out of the fund in court, in exclusion of the bond debt claimed to be due by the Bank ; and, for the same reason, the Bank is entitled to be paid the amount of its prior judgment in preference to the plaintiff’s. If an improvident and insolvent executor should take upon himself to administer assets in an order different from that prescribed, with a view fraudulently *331 to give postponed creditors a preference over those which are preferred, I am not prepared to say that a court of Chancery would not, upon a proper case made, take upon itself to control the administration : it is obvious, however, that a court of law has no power over the subject.
O’Neall, J. concurred.'